CITY OF BARABOO, Respondent, vs. STONE, Appellant.

*May 4—May 21, 1914.*

*Municipal corporations: Baraboo city charter: Appeal from police justice: Affidavit of good faith.*

Under sec. 10, ch. VII, of the Baraboo city charter (Laws of 1882, ch. 21), upon appeal by the defendant from a judgment of the police justice of that city, an affidavit of good faith is not necessary.

APPEAL from an order of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Reversed.*

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

*V. H. Cady,* for the respondent.

KERWIN, J.    The defendant was arrested on a warrant issued by a police justice of the city of *Baraboo,* Wisconsin, charging her with disorderly conduct upon the streets and in public places of said city, contrary to the provisions of the city charter of said city.    Upon hearing before the justice the defendant was found guilty and fined $5 and costs of prosecution, and in default of the immediate payment of such fine and costs was ordered imprisoned in the common jail of Sauk county for ten days and until such fine and costs be paid.

The defendant served notice of appeal from the judgment and conviction and also gave a proper undertaking, but failed to make and file an affidavit to the effect that the appeal was taken in good faith and not for the purpose of delay.    The circuit court on motion dismissed the appeal for failure to file said affidavit, holding that such affidavit was necessary to perfect the appeal.

The only question here is whether the appeal was properly taken.    Sec. 1 of ch. VII of the charter of the city of *Baraboo* (Laws of 1882, ch. 21) provides that all actions brought to recover any penalty or forfeiture under the act, or any ordinances, by-laws, or regulations made in pursuance thereof, shall be brought in the corporate name of the city. Sec. 2 provides that the first process shall be a summons, unless oath be made for a warrant as in criminal cases before justices of the peace.    Sec. 6 provides that in cases where oath is made for a warrant the complaint shall be made on oath of the complainant, and provides substantially what the complaint shall contain, and that upon filing such com-

plaint the police justice shall issue a warrant, and provides the form of the warrant; and further provides the proceedings upon the return of such warrant; and secs. 8 and 9 provide for the trial, proceedings, rendition of judgment, and commitment in cases where action is commenced by warrant. Sec. 10 provides in substance that the defendant may appeal from the judgment to the circuit court for Sauk county, provided that such defendant, within twenty-four hours, pays the justice his costs and $1 for his return, and enters into a recognizance with one or more sufficient sureties to be approved by the justice, conditioned to appear before said court and abide the judgment of the court therein, and that the justice from whose judgment an appeal shall be taken shall make a special return of the proceedings had before him and forthwith cause the summons or warrant and return, together with the proceedings and a copy of the entries in his docket, together with the recognizance, to be filed in the office of the clerk of said court; and further provides that the city may appeal from any such judgment as in other cases before justices of the peace.

This section of the charter seems to provide for an appeal by the defendant and the steps necessary to be taken to perfect the appeal, and does not require an affidavit of good faith. It is quite apparent that the recognizance provided for under this section was calculated to obviate the necessity of an affidavit of good faith, and that under the provisions of the charter no affidavit of good faith is necessary on the defendant's appeal. It follows that the court below was in error in dismissing the appeal.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.